Booth, Judge,
delivered the opinion of the court.
The plaintiff instituted an original suit in this court April 13, 1906, to recover royalties alleged.to be due upon an implied contract for the use of a patented article. On June 9, 1911, a second petition was filed covering the same subject matter and serving no other purpose than to extend the period of the first claim up to and including June 30, 1910. Subsequently the two cases were by proper order consolidated, heard together, and finally decided by this court on February 12, 1912. In an opinion going exhaustively into the case the petition was dismissed, the court resting its decision upon a conclusion that the patent was void and of no effect. (47 C. Cls., 207.) The plaintiff moved for a new trial, which motion was disposed of in a second opinion of considerable length, in the course of which the court discussed every feature of the case raised by either the plaintiff or defendant and sought to dispose of the entire case and every contention advanced to sustain or defeat it. (49 C. Cls., 19.) The motion for a new trial was overruled and the case was appealed to the Supreme Court, which court (240 U. S., 637) in affirming the decision of this court, upon the issue presented here used this language: “ The second petition related to a period extending to June 30, 1910, thus embracing five days after "the approval of the act of June 26, 1910 (c. 423, 36 Stat., 851), permitting recovery from the *302 Government of reasonable compensation in cases of infringement. The petition, however, like the first, did not purport to present a case within this act, but was rested solely upon implied contract. The judgment, however, should be without prejudice to the presentation of any claim the petitioner may have under the statute; and with this modification the judgment is affirmed.”
On the coming in of the mandate from the Supreme Court the plaintiff for the first time asserted his claim for an infringement. Recovery is now urged upon an alleged infringement of the plaintiff’s patented article, as set forth in and covered by Claim 2 of his Letters Patent No. 596656. No other claim is involved. The case is, of course, an important one to the plaintiff, and if we were now confronted with a contention at variance with the exhaustive briefs heretofore filed in the long course of this litigation we would be disposed to again review it in detail. Inasmuch as the issue presented upon the former hearings necessarily involved the legality of the plaintiff’s patent and a careful examination of all his claims with respect thereto, we now deem it necessary only to again refer to that portion of this court’s opinions treating the subject. Wé have come to this conclusion after a final and deliberate review of the entire record now before the court. The court adheres to its determination that the alleged patent in suit was devoid of novelty, presentedmo patentable invention, and was not used by the defendant; that letters patent covering the same were improvidently issued, and that no suit for infringement can be maintained therefor. We again file findings of fact, exhibiting the record from the standpoint of an infringement case.
Nothing remains except to dismiss the petition, which is • accordingly done. It is so ordered.
Graham, Judge; Hay, Judge; DowNey, Judge; and Campbell, Chief Justice, concur.